UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELENA SOKOLOVA,<br><br>Plaintiff,<br><br>v.<br><br>JULIEN FAREL, LLC,<br><br>Defendant. | Civil Action No.:<br><br>1:25-cv-05475-JHR |

**FIRST AMENDED COMPLAINT**

Plaintiff, Elena Sokolova ("Sokolova" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of New York against JULIEN FAREL, LLC ("Farel" or "Defendant"), alleging as follows:

**THE PARTIES**

1. Sokolova is fashion and lifestyle photographer and creative director specializing in stylized portraiture. Sokolova resides in Moscow, Russian Federation.

2. Defendant is a Limited Liability Company organized and existing under the laws of the State of New York with its principal place of business located in New York, New York, and may be served at 540 Park Avenue, Second Floor, New York, NY 10065.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant has maintained sufficient minimum contacts with the State of New York and as a result the exercise of personal

jurisdiction over Defendant by this Court would not offend traditional notices of fair play and substantial justice.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

## FACTS

### I. The Photograph at Issue in this Lawsuit

6. On February 7, 2019, Sokolova captured the photograph, "Look 1 IMG_5318 by Elena Sokolova (Carrot Princess)," ("Copyrighted Photograph"), which is exhibited below:



7. On June 6, 2024, Sokolova registered Copyrighted Photograph with the United States Copyright Office (Registration No.: VA 2-402-094).

8. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photograph. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## II. Defendant's Unlawful Activities

9. Defendant owns, operates, and is solely responsible for the content posted to its commercial website, www.julienfarel.com, and corresponding social media feeds.

10. On April 4, 2021, Defendant copied and posted Copyrighted Photograph to its Facebook feed (6,000 followers), www.instagram.com/julienfarel:



11. On April 18, 2022, Defendant copied and posted Copyrighted Photograph to its Facebook feed (6,000 followers), www.facebook.com/julienfarel:




12. On March 29, 2024, Defendant copied and posted Copyrighted Photograph to its Instagram feed (589,000 followers), www.instagram.com/julienfarel:



13. Defendant is not and has never been licensed to use or display Copyrighted Photograph. Defendant never contacted Plaintiff to seek permission to use Copyrighted Photograph in connection with its website or for any other purpose.

14. Upon information and belief, Defendant located copies of Copyrighted Photograph on the internet and, rather than contact Plaintiff to secure licenses, simply copied Copyrighted Photograph for its own commercial use.

15. Plaintiff first discovered Defendant's unauthorized use/display of Copyrighted Photograph on or about May 26, 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of Copyrighted Photograph.

16. On January 9, 2025, Plaintiff provided explicit information concerning Defendant's infringement of Copyrighted Photograph.

17. Despite the above information, Defendant failed to remove the April 4, 2021 infringement detailed in Paragraph 10 of this Complaint until June 26, 2025, over five (5) months after receiving the information.

## COUNT I: COPYRIGHT INFRINGEMENT

18. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

19. Copyrighted Photograph is an original work of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

20. Sokolova owns a valid copyright in Copyrighted Photograph, having registered Copyrighted Photograph with the Register of Copyrights.

21. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

22. Defendant reproduced, distributed, and publicly displayed Copyrighted Photograph without authorization from Plaintiff.

23. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photograph for its own commercial purposes.

24. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

25. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

26. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of Copyrighted Photograph, which amounts shall be proven at trial.

27. To the extent infringement by Defendant of Copyrighted Photograph occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photograph.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaration Defendant has infringed Plaintiff's copyrights in Copyrighted Photograph;

b. A declaration that such infringement is willful (to the extent applicable);

c. An award of actual damages and disgorgement of profits as the Court deems proper.

d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photograph or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: July 13, 2025

**The Law Office of David C. Deal, P.L.C.**

*/s/ David C. Deal*
David C. Deal
117 4th Street NE
Charlottesville, VA 22902
Telephone: (434) 261-2704
Email: david@daviddeal.com
*Counsel for Plaintiff*